| | |
|---|---|
| **CREDEURS SPORTHOUSE, INC.**, et al.<br><br>    Plaintiffs,<br><br>*v.*<br><br>**JAL EQUITY CORP.**,<br><br>    Defendant. | **JAL EQUITY CORP.'S ANSWER, AFFIRMATIVE DEFENSES, & COUNTERCLAIMS**<br><br>JURY TRIAL DEMANDED |

## ANSWER

Defendant JAL Equity Corp., ("JAL"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 7(a)(2), answers Plaintiffs' Complaint as follows:

### PARTIES, JURISDICTION, & VENUE[1]

1. Complaint ¶ 1 contains legal conclusions to which no response is required; JAL therefore denies the same.

2. Denied.

### FACTUAL BACKGROUND

3. Admitted.

4. JAL admits that the Asset Purchase Agreement, ("APA"), speaks for itself and is the best evidence of its contents.[2] Except as expressly admitted, denied.

---

[1] JAL inserted this and the "Factual Background" headings for the convenience of the Court and Parties.

[2] JAL fully incorporates the APA by reference but, because an accurate, true copy of the same is already in the Court's file, JAL did not attach it as an exhibit. [ECF No. 12-1]

5. JAL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within Complaint ¶ 5; JAL therefore denies the same.

6. JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

7. Complaint ¶ 7 contains legal conclusions to which no response is required; JAL therefore denies the same. By way of further response, JAL admits that APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

## FIRST CAUSE OF ACTION[3]
### FAILURE TO PAY ACCOUNTS RECEIVABLE

8. JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

9. JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

10. JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

11. Complaint ¶ 11 contains legal conclusions to which no response is required; JAL therefore denies the same. By way of further response, JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

---

[3] JAL adopted the headings used within Plaintiff's Complaint and, for the convenience of the Court and Parties, added numbered cause of action headings. However, JAL denies all allegations contained within this and any other heading within Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY DEFERRED PORTION OF PURCHASE PRICE

12. JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

13. JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

14. Complaint ¶ 14 contains legal conclusions to which no response is required; JAL therefore denies the same. By way of further response, JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

## THIRD CAUSE OF ACTION
### FAILURE TO PAY AMOUNTS OWED PURSUANT TO AN EMPLOYMENT AGREEMENT

15. JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

16. JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

17. JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

18. Complaint ¶ 18 contains legal conclusions to which no response is required; JAL therefore denies the same. By way of further response, JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

19. JAL admits that it made payments to Plaintiff(s). By way of further response, JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

20. To the extent that Complaint ¶ 20 contains allegations against JAL, the same are denied.

## FOURTH CAUSE OF ACTION
### INDEMNIFICATION BY JAL FOR ATTORNEY'S FEES & EXPENSES

21. JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

22. Complaint ¶ 22 contains legal conclusions to which no response is required; JAL therefore denies the same. By way of further response, JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

## FIFTH CAUSE OF ACTION
### CONTRACTUAL INTEREST

23. JAL admits that the APA speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

## PLAINTIFFS' PRAYER FOR RELIEF

24. JAL denies that Plaintiffs are entitled to any relief.

# AFFIRMATIVE DEFENSES

JAL raises the following affirmative defenses pursuant to Federal Rule of Civil Procedure 12(b):

### FIRST AFFIRMATIVE DEFENSE
FAILURE TO STATE A CLAIM

1. Plaintiffs are barred from recovery because they failed to allege facts sufficient to support a legally cognizable claim.

### SECOND AFFIRMATIVE DEFENSE
LACK OF CONSIDERATION

2. No adequate consideration supported the APA such that a valid contract does not exist and, therefore, Plaintiffs are not entitled to recovery.

### THIRD AFFIRMATIVE DEFENSE
FRUSTRATION OF PURPOSE

3. Plaintiffs knowingly sold exclusive rights to equipment to JAL that were already subject to a third party's exclusive control; therefore, the APA's entire purpose was frustrated.

### FOURTH AFFIRMATIVE DEFENSE
FAILURE OF CONDITION PRECEDENT

4. Conditions precedent to JAL's performance did not occur such that Plaintiffs are not entitled to recovery.

### FIFTH AFFIRMATIVE DEFENSE
FAILURE TO MITIGATE

5. Plaintiffs are barred from recovery because they failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE
### ESTOPPEL & WAIVER

6. Plaintiffs are barred from recovery under the Doctrines of Estoppel and Waiver.

## SEVENTH AFFIRMATIVE DEFENSE
### FRAUD

7. Plaintiffs are barred from recovery because they concealed, omitted, and misrepresented material facts in a calculated effort to trick JAL into entering the APA. JAL relied upon the material facts as represented by Plaintiffs and could not reasonably discover the truth because, despite JAL's best efforts and reasonable diligence, said material facts were known to or discoverable by Plaintiffs alone. Plaintiffs' concealments, omissions, and misrepresentations prevented the formation of a valid, enforceable contract.

## EIGHTH AFFIRMATIVE DEFENSE
### MUTUAL MISTAKE

8. Plaintiffs are barred from recovery because both Parties were mistaken about the material facts concerning the APA's very essence.

## NINTH AFFIRMATIVE DEFENSE
### UNILATERAL MISTAKE

9. Plaintiffs are barred from recovery because their concealments, omissions, and misrepresentations led to JAL's unilateral mistake about the material facts concerning the APA's very essence.

## TENTH AFFIRMATIVE DEFENSE
### UNCLEAN HANDS

10. Plaintiffs' concealments, omissions, or misrepresentations bar their recovery.

## ELEVENTH AFFIRMATIVE DEFENSE
### PREVENTION OF PERFORMANCE

11. Plaintiffs' concealments, omissions, or representations prevented JAL's performance and bar Plaintiffs from recovery.

## TWELTH AFFIRMATIVE DEFENSE
### PRIOR MATERIAL BREACH

12. Plaintiffs first breached their material, contractual obligations such that JAL was not required to perform.

## THIRTEENTH AFFIRMATIVE DEFENSE
### SET-OFF

13. Any recovery Plaintiffs obtain should be set-off by the amounts which they owe to JAL under the APA.

## FOURTEENTH AFFIRMATIVE DEFENSE
### UNCONSCIONABILITY

14. Enforcement of the APA would be unconscionable in its application and effect upon JAL.

## FIFTEENTH AFFIRMATIVE DEFENSE
### RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

15. JAL respectfully reserves the right to assert all affirmative defenses that may be revealed during this Action.

## **COUNTERCLAIMS**

JAL brings the following Counterclaims against Plaintiffs pursuant to Federal Rule of Civil Procedure 13(a):

## FACTUAL BACKGROUND

1. JAL fully incorporates by reference every foregoing Affirmative Defense.

2.  JAL is a privately held corporation that was formed under the laws of Nevada.

3.  JAL specializes in acquiring, managing, and operating commercial printing and marketing businesses.

4.  In or around Fall 2019, JAL was searching for a Louisiana-based commercial printing and marketing business.

5.  Percy Fred Credeur, Jr. and his wife, Alma B. Credeur, ("the Credeurs") owned the Louisiana-based commercial printing and marketing business known as Credeur's Sporthouse, Inc., ("CSH").

6.  CSH conducted business from one section of an office building located at 1238 Creswell Lane, Opelousas, LA 70570, ("Shop Space").

7.  The Credeurs, or one of them, were also the sole owners of the entity which owned the building where the Shop Space was located.

8.  Plaintiffs, or the entities under their exclusive control, agreed to lease the Shop Space to JAL.

9.  JAL and Plaintiffs negotiated the sale of substantially all CSH's assets.

10. Plaintiffs agreed to sell the following categories of assets to JAL:

    a. Equipment;

    b. Inventory;

    c. Customer Contracts;

    d. Intellectual Property;

    e. Deposits;

    f. Goodwill; and

  **g.** Books, documents, and records used by CSH to conduct business.

**11.** Plaintiffs represented and warranted to JAL that:

  **a.** They had authority to sell all assets included within the APA;

  **b.** They had taken any and all action needed to execute and honor the APA;

  **c.** Their performance of the APA would not conflict with any other agreement, contract, lease, or other obligation;

  **d.** JAL's access to and use of the assets purchased from Plaintiffs would be free and clear of any encumbrances, liens, pledges, security interests, claims or rights of others of any kind or nature whatsoever, except as provided by APA § 4.2;

  **e.** The Equipment was sufficient for JAL to continue to conduct business as usual;

  **f.** No agency, entity, or person needed to approve Plaintiffs' execution or performance of the APA;

  **g.** They had disclosed all financially and operationally material facts;

  **h.** They did not conceal or misrepresent any material fact; and

  **i.** They would not disclose the details of or comment on the APA to any third party unless authorized in writing.

**12.** JAL diligently investigated Plaintiffs' representations and warranties and justifiably and reasonably relied the same.

13. The Parties reduced their agreements, representations, and warranties to writing in the APA.[4]

14. In exchange for the material representations and warranties within the APA, JAL agreed to pay Plaintiffs the total amount of $150,000.00, with $75,000.00 being due when the APA was executed and another $75,000.00 paid in installments thereafter.

15. JAL paid Plaintiffs the agreed-upon $75,000.00.

16. Plaintiffs, after they received $75,000.00 from JAL, refused to perform as promised.

17. Plaintiffs were incapable of honoring the APA.

18. The foregoing representations and warranties were false when Plaintiffs made the same to JAL.

19. The Equipment that Plaintiffs sold to JAL was housed within the Shop Space.

20. CSH was not the only commercial printing business that used the Shop Space or the Equipment.

21. At some point before January 31, 2020, Plaintiffs, or entities under their exclusive control, leased the Shop Space to Stewie T's–another commercial printing/marketing business–and gave it permission to regularly use the Equipment.

22. Plaintiffs did not disclose that Stewie T's leased the Shop Space. Plaintiffs disclosed that Stewie T's had a lease for an adjacent portion of the Office Space.

---

[4] *See* n. 2, *supra*.

23. Stewie T's locked JAL out of the Shop Space and cut off access to the Equipment.

24. Stewie T's was able to lock JAL out of the Shop Space and cut off access to the Equipment because Plaintiffs, or entities under their exclusive control, leased the Shop Space to them.

25. Upon information and belief, at or around the time that JAL was locked out of the Shop Space, Plaintiffs made numerous statements to third parties concerning JAL.

26. Upon information and belief, Plaintiffs made false statements to third parties that concerned JAL's:

    a. Business practices;

    b. Capabilities;

    c. Professionalism;

    d. Work quality; and

    e. Other topics as may be revealed during discovery or at trial.

27. Upon information and belief, Plaintiffs made the false statements described herein to:

    a. Past clients;

    b. Potential clients;

    c. Then-existing clients;

    d. Vendors; and

    e. Other third parties as may be revealed during discovery or at trial.

28. Upon information and belief, Plaintiffs improperly disclosed confidential details about the APA to the persons and entities described herein.

29. Upon information and belief, Plaintiffs made the above-described false statements and improper disclosures to further their own personal and professional interests.

30. Upon information and belief, Plaintiffs used their personal email accounts and took other steps to conceal the above-described false statements and improper disclosures.

31. Upon information and belief, Plaintiffs intentionally selected the third parties detailed herein in a calculated effort to further Plaintiffs' own personal and professional interests.

32. As the direct and proximate result of Plaintiffs' material concealments, improper disclosures, false statements, and misrepresentations, JAL could not:

    a. Access, control, or use the Equipment;

    b. Receive the benefits of the Goodwill purchased from Plaintiffs;

    c. Exclusively access, control, or use the Shop Space;

    d. Conduct business as usual;

    e. Perform the obligations expected of it;

    f. Prevent clients and employees from leaving JAL; and

    g. Do other things as may be revealed during discovery or at trial.

**FIRST CLAIM FOR RELIEF**
F<small>RAUD</small>

33. JAL fully incorporates by reference Counterclaim ¶¶ 1-32.

34. Plaintiffs falsely represented and warranted to JAL that:
    a. They had authority to sell all assets included within the APA;
    b. They had taken any and all action needed to execute and honor the APA;
    c. Their performance of the APA would not conflict with any other agreement, contract, lease, or other obligation;
    d. JAL's access to and use of the assets would be free and clear of any encumbrances, liens, pledges, security interests, claims or rights of others of any kind or nature whatsoever, except as provided by APA § 4.2;
    e. The Equipment was sufficient for JAL to continue to conduct business as usual;
    f. No agency, entity, or person needed to approve Plaintiffs' execution or performance of the APA;
    g. They had disclosed all financially and operationally material facts;
    h. They did not conceal or misrepresent any material fact; and
    i. They would not disclose the details of or comment on the APA to any third party unless authorized in writing.
35. Plaintiffs intended to deceive JAL when they made the foregoing representations and warranties.
36. Plaintiffs concealed and misrepresented the foregoing material facts to induce JAL into executing the APA.
37. Plaintiffs defrauded JAL when they made the material misrepresentations detailed herein.

38. JAL diligently investigated Plaintiffs' representations and warranties and reasonably relied upon the same; but, because Plaintiffs actively concealed the truth, JAL could not and did not uncover Plaintiffs' fraud until it executed the APA.

39. As the direct and proximate result of Plaintiffs' material concealments and misrepresentations, JAL was damaged in an amount exceeding $75,000.00 by being unable to do the things detailed herein.

## SECOND CLAIM FOR RELIEF
### BREACH OF CONTRACT

40. JAL fully incorporates by reference Counterclaim ¶¶ 1-32.

41. The APA is a valid, enforceable contract between Plaintiffs and JAL.

42. The APA, in pertinent part, expressly obligated Plaintiffs to:

    a. Take steps to convey good, valid, and exclusive title to or use of the Shop Space to JAL;

    b. Stay on-board and assist JAL with the post-APA transition process; and

    c. Not disclose the details of the APA to third parties without JAL's written consent.

43. Plaintiffs could not and did not convey good, valid, and exclusive title to or use of the Shop Space because, at all relevant times, the same was leased by Stewie T's.

44. Plaintiffs did not stay on-board to assist JAL with the post-APA transition process.

45. Plaintiffs improperly disclosed confidential details about the APA as described herein.

46. Plaintiffs breached the APA when they did not perform the obligations detailed herein.

47. North Carolina law imposes an implied covenant of good faith and fair dealing into every contract.

48. The implied covenant of good faith and fair dealing requires that contracting parties to do nothing injurious to the other party's right to receive a contracted-for benefits.

49. North Carolina law governs the APA.

50. Plaintiffs owed JAL a duty of good faith and fair dealing to refrain from any conduct injurious to JAL's right to receive its contracted-for benefits.

51. Plaintiffs breached the APA and duty of good faith and fair dealing when they:
    a. Made false statements about JAL to third parties as described herein;
    b. Improperly disclosed confidential details about the APA to third parties as described herein;
    c. Used their personal email accounts and took other steps to conceal the above-described false statements and improper disclosures as described herein;
    d. Failed to stay on-board to assist JAL with the post-APA transition process; and

e. Committed other acts or failed to perform other obligations as may be revealed during discovery or at trial.

52. As the direct and proximate result of Plaintiffs' breaches of the APA and the duty of good faith and fair dealing, JAL was damaged in an amount exceeding $75,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, JAL prays that the Court:

1. Dismiss Plaintiffs' Complaint against JAL with prejudice;

2. Conduct a trial by jury on all issues so triable;

3. Find Plaintiffs jointly and severally liable to JAL for its First Claim for Relief;

4. Rescind the APA and declare the same as void;

5. Find Plaintiffs jointly and severally liable to JAL for its Second Claim for Relief;

6. Order that JAL have and recover of Plaintiffs actual, consequential, compensatory, and nominal damages in an amount exceeding $75,000.00;

7. Order that JAL have and recover of Plaintiffs, jointly and severally, punitive damages pursuant to Section 1D-15 of the North Carolina General Statutes;

8. Order that Plaintiffs pay all of JAL's reasonable attorneys' fees and costs;

9. Order that any recovery obtained by Plaintiffs be set-off by amounts owed to JAL;

10. Order that JAL have and recover interest from Plaintiffs as contractually provided and to the fullest legal extent;

11. Order that Plaintiffs have and recover nothing of JAL; and

**12.** For all other relief which this Court may deem just and proper.

Respectfully submitted on this, the 15th day of December 2021.

                                                        **MAGINNIS HOWARD**

                **BY:**   */s/    Edward H. Maginnis*
                          **Edward H. Maginnis**
                          N.C. State Bar No. 39317
                          E: emaginnis@maginnishoward.com
                          **C. Jordan Godwin**
                          N.C. State Bar No. 56316
                          E: jordan@maginnishoward.com
                          7706 Six Forks Rd., Ste. 101
                          Raleigh, N.C. 27615
                          T: 919-526-0450|F: 919-882-8763
                          *Counsel for JAL Equity*

# CERTIFICATE OF SERVICE

I hereby certify that on December 15th, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

MAGINNIS HOWARD

BY: /S/ *Edward H. Maginnis*
**Edward H. Maginnis**
N.C. State Bar No. 39317
E: emaginnis@maginnishoward.com
**C. Jordan Godwin**
N.C. State Bar No. 56316
E: jordan@maginnishoward.com
7706 Six Forks Rd., Ste. 101
Raleigh, N.C. 27615
T: 919-526-0450 | F: 919-882-8763
*Defendant JAL's Counsel*