UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:21-cv-454-FL

| | |
|---|---|
| CREDEUR'S SPORTSHOUSE, INC., PERCY FRED CREDEUR, JR. AND ALMA B. CREDEUR, <br><br> Plaintiffs, <br><br> v. <br><br> JAL EQUITY CORP., <br><br> Defendant. | **ANSWER OF PLAINTIFFS CREDEUR'S SPORTHOUSE, INC., PERCY FRED CREDEUR, JR. AND ALMA B. CREDEUR TO DEFENDANT JAL EQUITY CORP.'S COUNTERCLAIMS** |

NOW COME plaintiffs Credeur's Sportshouse, Inc., Percy Fred Credeur, Jr., and Alma B. Credeur (collectively, "Plaintiffs"), through counsel, and respond to the Counterclaims of Defendant JAL Equity Corp. ("JAL Equity").

**FIRST DEFENSE**
**(Improper Venue)**

The Counterclaims are subject to dismissal pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue as the Asset Purchase Agreement ("APA") upon which JAL Equity bases its counterclaims contains a forum selection clause requiring any claims asserted by JAL Equity to be brought in state or federal courts located in Louisiana. APA, § 6.2(B). The Plaintiffs' further responses to the allegations of the Counterclaims and their assertion of additional defenses are in no way intended as a waiver of their jurisdictional defenses, all of which are expressly preserved.

1

## SECOND DEFENSE
### (Failure to State a Claim)

The Counterclaims fail to state a claim against any of the Plaintiffs for which relief may be granted and are subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ANSWER AND THIRD DEFENSE

The Plaintiffs respond to the allegations of the Counterclaims as set forth below. To the extent that any allegations of the Counterclaims, including subparts or section headings, to which a response may be required are not expressly admitted herein, they are denied.

## FACTUAL BACKGROUND

1. Plaintiffs admit that Defendant JAL Equity asserted affirmative defenses in its Answer; however, Plaintiffs expressly deny each and every affirmative defense asserted by Defendant JAL Equity.

2. Admitted, upon information and belief.

3. Plaintiffs lack sufficient information to admit or deny the allegations of Paragraph 3. To the extent that a further response may be required, the allegations of Paragraph 3 are denied.

4. Plaintiffs lack sufficient information to admit or deny the allegations of Paragraph 4. To the extent that a further response may be required, the allegations of Paragraph 4 are denied.

2

5. It is admitted that Percy Fred Credeur, Jr. and his wife Alma B. Credeur owned the Louisiana-based advertising specialties company known as Credeur's Sportshouse, Inc. Except as expressly admitted, denied.

6. It is admitted that Credeur's Sportshouse, Inc. conducted business from 1238 Creswell Lane, Opelousas, LA 70570. Except as expressly admitted, denied.

7. It is admitted that as of January 8, 2020, Grand Coteau Investments, LLC ("Grand Coteau"), owned the building where the Shop Space was located and that Defendant JAL Equity was aware of Grand Coteau's ownership. It is further admitted that the Credeurs had no ownership interest in Grand Coteau. Except as expressly admitted, denied.

8. Plaintiffs admit that the APA reflects the parties' agreement and that its terms and conditions are the best evidence of its contents and meaning. To the extent that any of the allegations of Paragraph 8 are inconsistent with the APA, they are denied. To the extent that a further response may be required, except as expressly admitted, denied.

9. Plaintiffs admit that the APA reflects the parties' agreement and that its terms and conditions are the best evidence of its contents and meaning. To the extent that any of the allegations of Paragraph 9 are inconsistent with the APA, they are denied. To the extent that a further response may be required, except as expressly admitted, denied.

10. Plaintiffs admit that the APA reflects the parties' agreement and that its terms and conditions are the best evidence of its contents and meaning. To the

3

extent that any of the allegations of Paragraph 10 are inconsistent with the APA, they are denied. To the extent that a further response may be required, except as expressly admitted, denied.

11. Plaintiffs admit that the APA reflects the parties' agreement and that its terms and conditions are the best evidence of its contents and meaning. To the extent that any of the allegations of Paragraph 11 are inconsistent with the APA, they are denied. To the extent that a further response may be required, except as expressly admitted, denied.

12. Denied.

13. Admitted.

14. Plaintiffs admit that the APA reflects the parties' agreement and that its terms and conditions are the best evidence of its contents and meaning. To the extent that any of the allegations of Paragraph 14 are inconsistent with the APA, they are denied. To the extent that a further response may be required, except as expressly admitted, denied.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. It is admitted that of the equipment that Plaintiffs sold to Defendant JAL Equity, all was housed within 1238 Creswell Lane in Opelousas, LA 70570. Except as expressly admitted, denied.

20. It is admitted that Credeur's Sportshouse, Inc., while owned by the Credeurs, allowed Stewie T's to use some of the equipment belonging to Credeur's Sportshouse, Inc. and that Stewie T's also occupied 1238 Creswell Lane in Opeloulas, LA 70570. It is further admitted that Defendant JAL Equity was at all relevant times aware of Stewie T's use of some of the equipment belonging to Credeur's Sportshouse, Inc, and that Stewie T's also occupied 1238 Creswell Lane in Opeloulas, LA 70570. Except as expressly admitted, denied.

21. It is admitted that on October 9, 2019, Bench House, LLC, in which the Credeurs had an ownership interest, leased a portion of 1238 Creswell Lane in Opeloulas, LA 70570, to Stewie T's; and that said lease was transferred to Grand Coteau upon the sale of 1238 Creswell Lane in Opeloulas, LA 70570 on January 8, 2020. It is further admitted that Defendant JAL Equity was at all relevant times aware of said lease. Except as expressly admitted, denied.

22. Denied.

23. Plaintiffs lack sufficient information to admit or deny the allegations of Paragraph 23. Thus, the allegations of Paragraph 23 are denied.

24. Plaintiffs lack sufficient information to admit or deny the allegations of Paragraph 24. Thus, the allegations of Paragraph 24 are denied.

25. Admitted.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

**FIRST CLAIM FOR RELIEF:**
**FRAUD**

33. Plaintiffs reallege and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

34. Plaintiffs deny that they made false representations or warranties to Defendant JAL Equity. The remaining allegations of Paragraph 34 state legal conclusions to which no response is required. To the extent that a further response may be required, the allegations of Paragraph 34, including all subparts, are denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**SECOND CLAIM FOR RELIEF**
**BREACH OF CONTRACT**

40. Plaintiffs reallege and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

41. The allegations of Paragraph 41 state legal conclusions to which no response is required. To the extent that a response may be required, the allegations of Paragraph 41 are denied.

42. Plaintiffs admit that the APA reflects the parties' agreement and that its terms and conditions are the best evidence of its contents and meaning. To the extent that any of the allegations of Paragraph 42 are inconsistent with the APA, they are denied. To the extent that a further response may be required, except as expressly admitted, denied.

43. The allegations of Paragraph 43 state legal conclusions to which no response is required. To the extent that a response may be required, the allegations of Paragraph 43 are denied.

44. Denied.

45. Denied.

46. Denied.

47. The allegations of Paragraph 47 state legal conclusions to which no response is required. To the extent that a response may be required, the allegations of Paragraph 48 are denied.

48. The allegations of Paragraph 48 state legal conclusions to which no response is required. To the extent that a response may be required, the allegations of Paragraph 48 are denied.

49. The allegations of Paragraph 49 state legal conclusions to which no response is required. To the extent that a response may be required, the allegations

7

Case 5:21-cv-00454-FL   Document 25   Filed 02/04/22   Page 7 of 13

of Paragraph 49 are denied. By way of further response, Plaintiffs allege that, pursuant to Section 6.2(D) of the APA, all counterclaims asserted by Defendant JAL Equity "shall be governed by, and construed and enforced in accordance with, the internal law, and not the law pertaining to conflicts or choice of law, of the State of Louisiana" and in addition that venue and jurisdiction of the counterclaims filed by Defendant JAL Equity "shall be proper only in the State Court located in Opeloulas, Louisiana and/or the Federal Court located in Lafayette, Louisiana."

50. The allegations of Paragraph 50 state legal conclusions to which no response is required. To the extent that a response may be required, the allegations of Paragraph 50 are denied.

51. Denied.

52. Denied.

## **FOURTH DEFENSE**
**(Defendant's Own Breaches)**

Defendant's claims are barred in whole or in part by its own material breaches of the contracts upon which it purports to sue.

## **FIFTH DEFENSE**
**(Failure of Conditions)**

To the extent any Plaintiff may not have fully performed its, her, or his obligations, which is expressly denied, such non-performance was excused by the failure of conditions precedent and/or subsequent.

## SIXTH DEFENSE
### (Prevention of Performance)

To the extent any Plaintiff may not have performed its, her, or his obligations, which is expressly denied, Defendant's actions prevented Plaintiffs' performance and bar Defendant from recovery.

## SEVENTH DEFENSE
### (Economic Loss Doctrine)

Defendant's non-contractual claims are barred in whole or in part by the economic loss doctrine.

## EIGHTH DEFENSE
### (Waiver and Acquiescence)

Defendant's claims are barred in whole or in part by the doctrines of waiver and acquiescence.

## NINTH DEFENSE
### (Failure to Mitigate)

Defendant's claims are barred in whole or in part by its failure to act in a commercially reasonable fashion to mitigate its alleged damages.

## TENTH DEFENSE
### (Contractual Limitation of Liability)

The Asset Purchase Agreement contains a limitation of liability which bars defendant's claims for special, consequential, incidental, indirect, or punitive damages.

## ELEVENTH DEFENSE
### (Merger/Parol Evidence Rule)

To the extent that Defendant purports to rely upon representations allegedly made in the negotiation of the alleged contracts, such reliance are barred by the doctrine of merger and/or the parol evidence rule.

## TWELFTH DEFENSE
### (Lack of Authority/Intervening Acts of Third Parties)

The allegedly wrongful acts which Defendant seeks to attribute to the plaintiffs, if they occurred, were neither expressly nor impliedly authorized by the Plaintiffs and were taken by third parties over which Plaintiffs had no control.

## THIRTEENTH DEFENSE
### (Good Faith)

The Plaintiffs deny that they undertook any wrongful acts with respect to Defendant, but to the extent they did so, they have acted in good faith and without any intent to deceive or harm defendant.

## FOURTEENTH DEFENSE
### (Failure to Plead Fraud With Requisite Particularity)

The Defendant has failed to plead fraud by any of the Plaintiffs with the particularly required by Rule 9 of the Federal Rules of Civil Procedure.

## FIFTEENTH DEFENSE
### (Lack of Reasonable Reliance/Lack of Due Diligence)

To the extent that Plaintiffs made any incorrect representations, upon information and belief, Defendant's claims are barred in whole or in part due to a lack of reasonable reliance on the alleged misrepresentations based on all the facts and

circumstances at the time they were allegedly made as they allegedly relate to the Plaintiffs.

## SIXTEENTH DEFENSE
### (Reservation of Rights)

The plaintiffs reserve the right to assert any further defenses that may become available to them during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully pray that the Court:

1. Declare that, pursuant to Section 6.2(D) of the APA, venue is improper for those counterclaims brought by Defendant JAL Equity;

2. Subject to the relief requested in Paragraph 1, enter judgment in Plaintiffs' favor on the claims asserted in their Complaint;

3. Subject to the relief requested in Paragraph 1, dismiss all Defendant JAL Equity's counterclaims with prejudice;

4. Subject to the relief requested in Paragraph 1, order that Defendant JAL Equity have and recover nothing of any of the Plaintiffs;

5. Subject to the relief requested in Paragraph 1, order that all costs of this action be taxed against Defendant JAL Equity, including awarding the Plaintiffs' reasonable attorney fees; and

6. Subject to the relief requested in Paragraph 1, afford Plaintiffs such other and further legal and equitable relief as the Court may deem just and proper.

11

Respectfully submitted, this the 4th day of February, 2022.

**EVERETT GASKINS HANCOCK LLP**

/s/ Katherine A. King
James M. Hash
N.C. Bar No.: 38221
Katherine A. King
N.C. Bar No.: 44525
220 Fayetteville St., Suite 300
P.O. Box 911
Raleigh, NC 27602
Telephone: 919-755-0025
Facsimile: 919-755-0009
james@eghlaw.com
katie@eghlaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true copy of the foregoing Answer to Counterclaims has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Edward H. Maginnis
Maginnis Howard
7706 Six Forks Road
Raleigh, NC 27615
emaginnis@maginnishoward.com

This the 4th day of February, 2022.

                                               By:    /s/ Katherine A. King
                                                       Katherine A. King