IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-454-FL

| | |
|---|---|
| CREDEUR'S SPORTSHOUSE, INC.; PERCY FRED CREDEUR, JR.; and ALMA B. CREDEUR, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>JAL EQUITY CORP., <br><br>　　　　Defendant. | ORDER |

This matter is before the court on plaintiffs' motion to sever and transfer venue of defendant's counterclaims pursuant to Federal Rule of Civil Procedure 21 and 28 U.S.C. § 1404(a). (DE 27). Defendant responded in opposition, and the issues raised are ripe for ruling. For the following reasons, the motion is denied.

### STATEMENT OF THE CASE

Plaintiffs commenced this breach of contract action in Louisiana state court, removed by defendant to the United States District Court for the Western District of Louisiana, where it then successfully argued in favor of transfer to this district pursuant to a forum selection clause included in the Asset Purchase Agreement that is the subject of this litigation. Upon transfer, defendant asserted compulsory counterclaims of fraud and breach of contract, also based in the Asset Purchase Agreement, pursuant to Federal Rule of Civil Procedure 13(a).

Plaintiffs assert that, based on subsection (D) of the same forum selection clause that warranted transfer to this district, defendant's counterclaims should be severed and transferred back to the United States District Court for the Western District of Louisiana.

**COURT'S DISCUSSION**

"[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a)" and, where such a motion is filed, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 52 (2013). In evaluating a § 1404(a) motion to transfer based on a forum-selection clause, "a district court may consider arguments about public-interest factors only." Id. at 64.

There is a public interest in conserving judicial resources. Univ. of Tennessee v. Elliott, 478 U.S. 788, 798 (1986). In addition, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that s 1404(a) was designed to prevent." Cont'l Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960); see Ferens v. John Deere Co., 494 U.S. 516, 518 (1990) (same).

In this case, the forum selection clause in issue provides in pertinent part as follows:

**Section 6.2 GOVERNING LAW**.

(C) For any dispute filed by the Seller or Selling Shareholders, this Agreement shall be governed by, and construed and enforced in accordance with, the internal law, and not the law pertaining to conflicts or choice of law, of the State of North Carolina. Venue and jurisdiction for any dispute filed by the Seller or Selling Shareholders hereunder shall be proper only in the State Court located in Wake County, North Carolina and/or the Federal Court located in Raleigh, North Carolina.

(D) For any dispute filed by the Company, this Agreement shall be governed by, and construed and enforced in accordance with, the internal law, and not the law pertaining to conflicts or choice of law, of the State of Louisiana. Venue and jurisdiction for any dispute

2

filed by the Company hereunder shall be proper only in the State Court located in Opelousas, Louisiana and/or the Federal Court located in Lafayette, Louisiana.

(DE 28 at 3; DE 34 at 1).

Applied here, accepting for purposes of the instant motion that the forum selection clause is enforceable and applicable to defendant's counterclaims,[1] public interest factors disfavor transfer. Defendant's counterclaims arise out of the same transaction that is the subject matter of plaintiffs' claims, and thus, in addition to concerning the same parties, will involve many of the same issues and evidence as plaintiffs' claims. A transfer of venue thus would create circumstances in which two cases involving the same issues are pending in different district courts, leading to inefficient expenditure of the resources of the parties and the courts. Acting in its discretion, the court declines to transfer venue of defendant's counterclaims.

## CONCLUSION

Based on the foregoing, plaintiffs' motion to sever and transfer venue of defendant's counterclaims, (DE 27), is DENIED.

SO ORDERED, this the 4th day of May, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] As plaintiffs' motion is resolved under § 1404(a), the court does not consider whether the forum selection clause is enforceable, namely whether it is applicable to defendant's counterclaims, valid, and mandatory. For the same reason, the court additionally does not decide how much, if at all, the scope of its discretion to sever claims under Federal Rule of Civil Procedure 21 is circumscribed by the assertion of a forum selection cause as the grounds for severance.